# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KEITH ANTHONY JACKSON, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:10-CR-240-TCB-GGB |
| UNITED STATES, | : | |
| Respondent. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-0877-TCB-GGB |

## FINAL REPORT AND RECOMMENDATION

Movant, Keith Anthony Jackson, an inmate at the Robert A. Deyton Detention Center in Lovejoy, Georgia, seeks via 28 U.S.C. § 2255 to challenge the constitutionality of his 61-month sentence that was imposed on January 6, 2012, following the entry of his guilty plea on April 21, 2011. [Docs. 31, 45]. Movant has also filed an amendment to his § 2255 motion [Doc. 70] and a motion to amend his presentence investigation report [Doc. 73].

Movant currently has an appeal of his conviction pending in the United States Court of Appeals for the Eleventh Circuit. [Docs. 58, 65]. As such, this Court lacks jurisdiction to consider a § 2255 motion at this time. *See United States v. Dunham*, 240 F.3d 1328, 1329-1330 (11th Cir. 2001) (district court lacked jurisdiction over § 2255 motion during the pendency of direct appeal). Absent extraordinary

circumstances, a defendant may not seek collateral relief while his direct appeal is pending. *See United States v. Casaran-Rivas*, 311 F. App'x 269, 272 (11th Cir. 2009); *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1990). Movant has not presented any extraordinary circumstances justifying immediate review. Accordingly, I recommend that the § 2255 motion and amended § 2255 motion be denied. I also recommend that Movant's motion to amend his presentence investigation report [Doc. 73] be denied, because Movant's appeal divests this Court of jurisdiction to correct his presentence investigation report. *See, e.g., Shewchun v. United States*, 797 F.2d 941, 942-43 (11th Cir. 1986).

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." Here, Movant has not made a showing of the denial of a constitutional right, because he may not file a § 2255 motion while a direct appeal is pending. Thus, the I recommend that a certificate of appealability be **DENIED**.

## Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that Movant's § 2255 motion [Doc. 68], amended § 2255 motion [Doc. 70], and motion to amend his presentence investigation report [Doc. 73] be **DENIED**.

AO 72A
(Rev.8/82)

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED** this 22nd day of May, 2012.

*/s/ Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)