# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KEITH ANTHONY JACKSON, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:10-CR-240-TCB-GGB |
| UNITED STATES, | : | |
|    Respondent. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-1352-TCB-GGB |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant, Keith Anthony Jackson, an inmate at the Federal Correctional Institution in Beaumont, Texas, seeks via 28 U.S.C. § 2255 to challenge the constitutionality of his 61-month sentence that was imposed on January 6, 2012, following the entry of his guilty plea on April 21, 2011. [Docs. 31, 45, 104]. Jackson has also filed a motion to amend his presentence investigation report ("PSI") [Doc. 103]. Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion." Rule 4, § 2255 Proceedings. I have examined

Jackson's § 2255 motion and the record in this case and find it plainly apparent that Jackson is not entitled to relief for the reasons explained below.

I. Background

On April 21, 2011, Jackson entered a negotiated plea of guilty in this Court to wire fraud, in violation of 18 U.S.C. § 1343, and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). [Docs. 31, 91]. In his plea agreement, Jackson waived the right to appeal or collaterally attack his conviction and sentence. [Doc. 31-1 at 7-8]. However, Jackson reserved the right to appeal an upward departure or a variance from the otherwise applicable sentencing guideline range. [*Id.*]. Jackson also reserved his right to appeal if the Government appealed the sentence. [*Id.*]. On January 6, 2012, the district judge sentenced Jackson to a total of 61 months of imprisonment. [Docs. 45, 92].

Jackson appealed, arguing that the Government breached the plea agreement by arguing for a three-level victim enhancement.[1] Jackson also argued on appeal that his PSI should be amended because it contained inaccurate information. The

---

[1]While Jackson's appeal was pending, he filed his first § 2255 motion, and I recommended that the motion be denied because this court did not have jurisdiction to consider it while Jackson's appeal was pending. [Doc. 74]. The district judge adopted my report and recommendation and denied Jackson's § 2255 motion. [Doc. 79].

2

Government filed a motion to dismiss Jackson's appeal based on the appeal waiver included in his plea agreement. The Government did not oppose Jackson's request to amend the PSI. On April 5, 2013, the United States Court of Appeals for the Eleventh Circuit granted the Government's motion to dismiss Jackson's appeal and remanded the case to the district court for the limited purpose of amending Jackson's PSI. [Doc. 102].

On April 15, 2013, Jackson filed a *pro se* motion to amend his PSI [Doc. 103]. On May 9, 2013, this court, as instructed by the Eleventh Circuit and agreed to by the Government, directed the probation office to amend Jackson's PSI. [Doc. 106]. To the extent that Jackson is seeking to enforce the Eleventh Circuit's remand, I recommend that his motion [Doc. 103] be **DENIED** as moot.

On April 22, 2013, Jackson filed a § 2255 motion, raising the following grounds for relief:

1. the criminal history calculations at sentencing were improper and affected his guidelines and time to serve;

2. erroneous application of the three-point victim adjustment agreed to in a modified plea was due to ineffective assistance of counsel;

3. the restitution that Jackson was ordered to pay is wrong; and

3

> 4. ineffective assistance of counsel at sentencing because counsel told him to "lie about [his] service to defend an enhancement among lying about other motions."

[Doc. 104].

Jackson also filed a brief in support of his motion, further arguing the merits of his grounds for relief. [Doc. 110].

II. Discussion

The right to collaterally attack a sentence, including § 2255 motions that raise ineffective assistance of counsel, may be voluntarily and knowingly waived. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). "A contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams*, 396 F.3d at 1342. For a waiver to be valid, the district court must specifically question the defendant to ensure that he or she understands the waiver, or it must be manifestly clear from the record that the defendant understood he or she was waiving the right to appeal. *Id.*; *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir.1993).

In this case, Jackson signed the plea agreement that contained the following waiver:

> **H. Limited Waiver of Appeal.**
>
> To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the otherwise applicable sentencing guideline range. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

[Doc. 31-1 at 7-8].

Jackson also signed a separate certification that stated the following, "I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding." [Doc. 31-1 at 10].

In addition, the district judge specifically questioned Jackson about the waiver during the guilty plea hearing:

> THE COURT: Let's talk about the waiver of appeal at the bottom of page 7 and the top of page 8. As you might imagine in most criminal cases, the defendant has the right to appeal if he loses. By entering into

5

> this guilty plea today, you're waiving your right to appeal. You're also waiving your right to what we call collaterally attack the judgment. And when I say collaterally attack, I'm talking about when you're in prison after the case is over and you file some type of petition or lawsuit or motion, such as a petition for a writ of habeas corpus or some other type of legal proceeding where you contend that you're not being lawfully or constitutionally held and you should be released, you will be waiving that right as well, both the right to appeal and the right to collaterally attack your sentence, except in two narrow circumstances.
>
> If I were to upwardly depart or vary from your guideline range and sentence you to a term of imprisonment higher than the long - - or longer than the high end of your guideline range, you can appeal. And if the Government appeals for any reason, you can cross-appeal. But other than those two very narrow exceptions, you're forever waiving your right to appeal or collaterally attack the judgment, sentence and conviction in this case.
>
> Do you understand that?
>
> JACKSON: Yes, sir.

[Doc. 91 at 7].

As clearly evidenced by the signed plea agreement and the questioning by the district judge during the plea hearing, Jackson understood the full significance of the waiver. Thus, his waiver is valid.

A defendant's knowing and voluntary waiver in a plea agreement generally bars all collateral relief under § 2255, including any ineffective assistance of counsel claim that does not directly affect the validity of the waiver or the plea itself. *See*

6

*Patel v. United States*, 252 F. App'x 970, 974–75 (11th Cir. 2007) (finding that a valid sentence-appeal waiver does not bar a claim that the plea was invalid due to ineffective assistance of counsel); *Cowart v. United States*, 139 F. App'x 206, 208 (11th Cir. 2005). Jackson's claims, including his ineffective assistance of counsel claims, deal with sentencing issues and not the negotiation of the plea or the waiver. Thus, Jackson's waiver of his rights to challenge his sentence is controlling with respect to the grounds for relief that he raises in his motion. Jackson cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing.

Although not raised as grounds for relief in his motion, Jackson attaches to his memorandum in support a list of "problems and issues" he had with his counsel. [Doc. 110 at 42-43]. To the extent that this could be construed as raising ineffective assistance of counsel claims with respect to the negotiation of his plea or waiver, the claims are without merit. In order to establish that his counsel was ineffective, Jackson must show that his counsel performed deficiently and that he was prejudiced by counsel's performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). "To show prejudice in the guilty plea context, the defendant must establish that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded

7

guilty and insisted on going to trial.'" *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Jackson does not contend that, but for his counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial.  Moreover, any claims by Jackson are belied by the plea hearing transcript, wherein Jackson indicated that he understood the plea agreement, that he understood the rights he was waiving in the agreement, and that his plea was voluntary and not the result of any promises (other than those contained in the plea agreement), threats, or force. [Doc. 91 at 3-14].  "There is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). "Consequently, a defendant bears a heavy burden to show his statements [under oath] were false." *United States v. Ross*, 147 F. App'x 936, 939 (11th Cir. 2005) (internal citation omitted).  Furthermore, the Government presented a strong factual basis underlying Jackson's guilt, after which he acknowledged culpability. [*Id.* at 8-13]. Thus, Jackson has failed to establish that counsel's actions were unreasonable or that, but for counsel's actions in negotiating the plea agreement, Jackson would not have pleaded guilty.

8

Jackson appears to contend that the waiver does not bar his claims because he received an "above guideline" sentence. [Doc. 110 at 9-10]. Jackson contends that the application of a three-level enhancement to his sentence during sentencing resulted in an "above guideline" sentence. Jackson's allegations are without merit. Jackson argues that his guidelines range was increased, due to the enhancement, from the "original guideline range in the plea agreement." [*Id.*]. However, no guidelines range was given in the plea agreement. Jackson's guidelines range was determined at sentencing and the sentence that he received was within the range determined by the district court. The enhancement was used to calculate Jackson's guidelines range. *See United States v. Holland*, 214 F. App'x 957, 958 n.3 (11th Cir. 2007) (rejecting as meritless the defendant's argument that enhancements used to calculate his guidelines range constituted an upward departure and thus fell within the exception to the defendant's appeal waiver). Moreover, the district judge noted at sentencing that Jackson's sentence would have been the same even if he had not received the three-level enhancement. [Doc. 92 at 35]. Thus, Jackson's argument is without merit.

III. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Jackson has failed to make a substantial showing of the denial of a constitutional right. Jackson waived the right to collaterally attack his sentence. Accordingly, **I RECOMMEND** that a certificate of appealability be **DENIED**.

IV. Conclusion

Based on the foregoing, **I RECOMMEND** that Keith Anthony Jackson's § 2255 motion [Doc. 104] be **DENIED**.

Jackson's motion to amend his PSI [Doc. 103] and his motion to expedite consideration of his § 2255 motion [Doc. 111] are **DENIED** as moot.

**I FURTHER RECOMMEND** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO ORDERED AND RECOMMENDED** this 10th day of September, 2013.

                                             *Gerrilyn G. Brill*
                                             GERRILYN G. BRILL
                                             UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)