# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| KEITH ANTHONY JACKSON, | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL ACTION FILE |
| v. | : | Number 1:10-cr-240-TCB-GGB |
| | : | |
| UNITED STATES, | : | CIVIL ACTION FILE |
| | : | Number 1:13-cv-1352-TCB-GGB |
| Respondent. | | |

**O R D E R**

This matter is before the Court on the Final Report and Recommendation ("R&R") issued by Magistrate Judge Brill [112] and Movant Keith Anthony Jackson's objections thereto [114]. In the R&R, Magistrate Judge Brill recommends that Jackson's 28 U.S.C. § 2255 motion be denied and this action be dismissed.

In reviewing a Magistrate Judge's R&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir.

1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," FED. R. CIV. P. 72, advisory committee note, 1983 Addition, Subdivision (b); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)(C)] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

In his objections, Jackson raises essentially three issues: (1) his plea was coerced; (2) Magistrate Judge Brill did not address the erroneous criminal history calculations that resulted in an incorrect sentence; and (3) the Court erroneously applied victim-related adjustments to calculate his guidelines sentencing range.

Jackson's claim that his counsel coerced him into entering a guilty plea is belied by the plea-hearing transcript, wherein Jackson indicated that he understood the plea agreement, the rights he was waiving in the agreement, and that his plea was voluntary and not the result of any promises (other than those contained in the plea agreement), threats, or force. [ 91 at 3-14]. "There is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12

2

F.3d 185, 187 (11th Cir. 1994). "Consequently, a defendant bears a heavy burden to show his statements [under oath] were false." *United States v. Ross*, 147 F. App'x 936, 939 (11th Cir. 2005) (internal citation omitted). Furthermore, the Government presented a strong factual basis underlying Jackson's guilt, after which he acknowledged culpability. [*Id.* at 8-13]. Indeed, Jackson states in his objections, "I committed the offenses but my sentence is wrong according to the law." [114 at 12]. Thus, Jackson has failed to establish that his counsel's actions were unreasonable or that, but for counsel's actions in negotiating the plea agreement, Jackson would not have pled guilty. Jackson's objection on this issue is overruled.

Jackson's objections to the sentencing issues are also without merit. Jackson waived his right to collaterally attack his sentence, and his signed plea agreement and questioning by the Court during the plea hearing show that he understood the full significance of the waiver. Because Jackson's sentencing issues do not relate to the negotiation of the plea or the waiver, he is barred by the waiver from raising those claims. Jackson contends in his objections that the plea agreement contained an "agreed to resulting offense level of 11." [114 at 10]. But, this was an agreed upon sentencing guidelines recommendation to the Court by the parties and was not binding on the Court. [31-1 at 4]. The Court informed Jackson during the plea

3

hearing that it was not bound to accept the recommendations in the agreement, and that if the Court rejected a recommendation at sentencing, Jackson could not withdraw his guilty plea. [91 at 13].

The Court has conducted a careful, *de novo* review of the R&R and Jackson's objections thereto. Having done so, the Court finds that Magistrate Judge Brill's factual and legal conclusions were correct and that his objections have no merit.

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation over Jackson's objections. Jackson's § 2255 motion [104] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 7th day of November, 2013.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE